The Honorable Jodie Mahony State Representative 106 West Main, Suite 406 El Dorado, AR 71730
Dear Representative Mahony:
This is in response to your request for an opinion concerning the authority of the El Dorado City Planning Commission ("Commission") with respect to the use of private property that is part of a subdivision that has been platted, the plat having been approved by the Commission. You note that the City of El Dorado has not established zoning by ordinance and has not adopted a comprehensive land use plan. You indicate that the particular tract of land in question is designated as a "Recreation Center" on the plat. Your specific question is as follows:
 Does the Planning Commission have the authority to enforce the dedicated utilization of property subdivided and approved by the Planning Commission, so as to make the developer use the property for the purposes stated in the approved plat? More particularly, the issue in this case is whether the City Planning Commission has the authority to compel the developer, who still owns the Dumas Recreation Center tract, to retain the property in its recreational state, or is the developer free to convert the utilization of the property to apartments, absent zoning regulations?
A conclusive answer to this question will require a factual determination, based upon the relevant plan or plans, i.e., land use plan, master street plan, community facilities plan and/or any other plans that have been prepared for the area encompassed by the city's planning area map. See A.C.A. § 14-56-412 and -414 (1987). The mere fact that the property is shown as a "Recreation Center" on the plat is not, in my opinion, determinative. The key inquiry instead is whether the developer has conformed to the appropriate plan (or plans) currently in effect. See A.C.A. § 14-56-417(b)(5) (1987). This will require reference to all of the facts surrounding the so-called "dedicated utilization" of the property, with an eye toward the plan or plans for the area.
It should be noted in this regard that the purpose of the subdivision regulations promulgated by the Commission is to carry out the intent of the plans. A.C.A. §§ 14-56-412(e), 14-56-415, and 14-56-421. The regulations must therefore be considered in connection with a plan in order to determine the practical effect of the regulations in any given instance. Thus, the fact that the plat must, in accordance with the regulations, show the intended uses of sites (see "Subdivision Regulations" for El Dorado, Ark., March 6, 1957, at 4 and 5), does not, in my opinion, mean that those uses can be enforced independent of a plan. As you have noted, the City of El Dorado has not adopted a zoning ordinance. It is my opinion that the minimum standards established in the city's subdivision regulations for design and improvements do not have the force of a zoning ordinance.
With regard to the particular property in question, I cannot determine from the information provided whether the change in use would result in nonconformity with a plan. The ability to develop the property as apartments will, in my opinion, in all likelihood depend upon how that use will impact the relevant plan. If, for instance, this parcel lies within the bounds of a proposed public use facility or a mapped street, reference must be made to A.C.A. § 14-56-412(g), which states that no such parcel shall be privately developed "until the public board, commission, or body having jurisdiction or financial responsibility for the reserved area shall have refused to execute a written option or to file suit for condemnation to acquire the area." See also A.C.A. §14-56-417(b)(5) and (6) (regarding reservation for future public acquisition or reasonable dedication or equivalent contribution in lieu of dedication of land for community or public facilities). See also Newton v. American Security Company,201 Ark. 943, 148 S.W.2d 311 (1941) (upholding planning board's decision to withhold approval of a plat until the owner dedicated a strip of land so that the minimum right of way in the master street plan was met.)
The case of Rickman v. Mobbs, 253 Ark. 969, 490 S.W.2d 129
(1973), offers particular guidance in addressing your question in its reflection of the practical effect of having no zoning. This case involved a challenge to the commercial use of property that was restricted to residential use in a bill of assurance. It was argued that the use being made of the property was in violation of the planning commission's rules and regulations in that the Commission approved the subdivision bill of assurance and the plat of the subdivision dedicated a street to be used in connection with the lots that were restricted to residential use. Several nonresidents of the subdivision argued that they had standing to enforce the bill of assurance based upon the planning commission's approval of the bill of assurance and cases holding that nearby property owners may challenge changes in zoning. The court rejected this argument, stating:
 Those cases have no application here. There has been no zoning of the Mobbs property so far as this record discloses. Under our statutes, approval of the bill of assurance and plat by the planning commission did nothing more than entitle the owner to place them of record. Ark. Stat. Ann. § 17-1106 (Repl. 1968). See also, Ark. Stat. Ann. § 19-2829 (Repl. 1968). While the county planning commission may recommend zoning of unincorporated areas as to land use, such recommendations are not binding until adopted by the county court, after a public hearing. Ark. Stat. Ann. § 17-1103 (Repl. 1968). This necessary action is not disclosed in the record.[1]
Mobbs, 253 Ark. at 971-972.
It is thus clear that the bill of assurance and plat, in the absence of zoning, were not determinative of the property's use.[2]
It is apparent from the foregoing that your question requires a factual determination not within the scope of an Attorney General opinion. The discussion above will, however, hopefully offer general guidance in addressing the underlying issues.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] This case involved land in an unincorporated area of the county. Ark. Stat. Ann. §§ 17-1106 and 17-1103, which involved the County Planning Board, were repealed by Act 422 of 1977. For current law, see A.C.A. § 14-17-201 et seq. (1987). Ark. Stat. Ann. § 19-2829 is now codified as A.C.A. §§ 14-56-413, -415, and -421 (1987).
[2] The court then focused on the enforcement of restrictions as to use based upon contractual obligations. 253 Ark. at 972.